# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ANDREW BOWSER, | Case No. 2:23-cv-10568 |
| *Plaintiff,* | Sean F. Cox<br>United States District Judge |
| v. | Patricia T. Morris<br>United States Magistrate Judge |
| PETER WATSON, DAVID SHAVER, TIMOTHY RYDER, RICHARD RUSSELL, FREDERICKS HERRO, LAURIE FRY, CODY CRITES, BETSY XANELL, GRAND PRAIRIE HEALTHCARE SERVICES, WELLPATH LLC, and JOHN DOES 1-5, | |
| *Defendants.* / | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS JOHN DOE DEFENDANTS 1-5

### I. RECOMMENDATION

For the following reasons, **I RECOMMEND** that the Court **DISMISS** the unidentified John Doe Defendants under Federal Rule of Civil Procedure 4(m).

### II. REPORT

#### A. Introduction

Plaintiff Andrew Bowser, former prisoner of the Michigan Department of Corrections ("MDOC") previously incarcerated at the Parnall Correctional Facility ("SMT"), brought the instant action alleging violations of his First and Eighth

Amendment constitutional rights under 42 U.S.C. § 1983. (ECF No. 3). Specifically, Plaintiff alleges that the medical staff at SMT failed to provide him with adequate medical treatment to address injuries sustained, and the associated pain, prior to his incarceration. (*Id.* at PageID.243). Plaintiff filed medical kites and grievances seeking assistance to address these inadequacies and alleges that the medical staff and MDOC personnel retaliated against him for doing so. (*Id.*). Plaintiff identified several defendants including John Doe Defendants 1-5. (ECF No. 3).

On August 17, 2023, the Undersigned ordered Plaintiff to identify John Doe Defendants 1-5 so that they may be served by the U.S. Marshal Service by September 22, 2023. (ECF No. 32, PageID.727). Plaintiff was warned that if he failed to identify the unnamed John Doe the Undersigned would issue a Report and Recommendation proposing the unidentified parties be dismissed. (*Id.*). To date, Plaintiff has not identified John Doe Defendants 1-5.

B. Analysis

Under Federal Rule of Civil Procedure 4(m), if a defendant has not been served with a summons and complaint "within [ninety] days after the complaint is filed," then the Court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." But "if the plaintiff shows good cause for the failure the court must extend the time for service for an

appropriate period." Fed. R. Civ. P. 4(m); *see Cross v. Carmona*, 15-cv-14254, 2018 WL 1535393, at *4 (E.D. Mich. March 29, 2018); *Ward v. Corizon Health, Inc.*, 15-cv-11902, 2016 WL 422493, at *8 (E.D. Mich. July 12, 2016); *Cary v. Mox*, 17-cv-12862, 2018 WL 4402939, *10 (E.D. Mich. Aug. 14, 2018).

The Court granted Plaintiff additional time to identify the John Does despite the fact that he did not request additional time or provide good cause for not identifying John Does within the 90-day timeframe pursuant to Rule 4(m). (ECF No. 32, PageID.727). To date, Plaintiff has not requested additional time to identify the John Doe Defendants and the time for doing so has long passed. For this reason, the Doe Defendants should be dismissed.

### C. Conclusion

For the following reasons, **I RECOMMEND** that the John Doe Defendants be **DISMISSED WITHOUT PREJUDICE**.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1.) Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981.) The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d.) The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 19, 2023                             S/ PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge