UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW BOWSER,

    Plaintiff,

v.

PETER WATSON, FREDERICKS HERRO,
LAURIE FRYE, GRAND PRARIE
HEALTHCARE SERVICES, WELLPATH
LLC, CODY CRITES, RICHARD
RUSSELL, TIMOTHY SHAVER,
ELIZABETH FANELLI, AND JANE OR
JOHN DOES 1–5,

    Defendants.
_____/

Case No. 23-cv-10568

Hon. Sean F. Cox
United States District Court Judge

## MEMORANDUM ORDER ADOPTING IN PART REPORT AND RECOMMENDATION (ECF No. 36) AND GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 23, 26)

Certain defendants in this case filed two motions to dismiss the claims that the plaintiff raised against them and the Court referred both motions to a magistrate judge for a report and recommendation. The Court adopts that report and recommendation in part and grants the defendants' motions to dismiss.

## BACKGROUND

In the operative complaint in this case, Plaintiff Andrew Bowser pled that he had surgery on his foot in October 2020. (ECF No. 3). Plaintiff also pled that he was transferred from a Michigan jail to a prison intake facility in July 2021. Plaintiff further pled that he was transferred from that intake facility to the Parnall Correctional Facility ("SMT") in Jackson County, Michigan, the next month. SMT is administrated by the Michigan Department of

1

Corrections ("MDOC"). Plaintiff pled that he remained at SMT until he was paroled in December 2022.

In Count I of his Corrected Complaint, Plaintiff raised Eighth Amendment medical-care claims under 28 U.S.C. § 1983 against three defendants: (1) Laurie Frye, a nurse practitioner at the intake center; (2) SMT physician Fredericks Herro; and (3) SMT quartermaster Elizabeth Fanelli.[1] Plaintiff alleged that Frye, Herro, and Fanelli were deliberately indifferent to his medical needs concerning his foot.

And Plaintiff raised First Amendment retaliation claims under § 1983 against five defendants in Count II of his Corrected Complaint: (a) SMT grievance coordinator Timothy Ryder; (b) SMT warden David Shaver; (b) MDOC Grievance Section manager Richard Russell; (c) SMT lieutenant Cody Crites; and (C) Quartermaster Fanelli (together, "MDOC Defendants"). Plaintiff pled that he filed several grievances and 'kites,' or requests for medical treatment, while he was incarcerated at SMT. Plaintiff alleged that Ryder rejected his grievances and Fanelli ordered a search of his cell in retaliation for his filing of grievances. Plaintiff also alleged that Crites cited him for misconduct in retaliation for his filing of kites. Plaintiff further alleged that Shaver and Russell approved Ryder's conduct.

Nurse Frye and Dr. Herro moved to dismiss Plaintiff's claims against them under Fed. R. Civ. P. 12(b)(6). (ECF No. 23). In a separate filing, the MDOC Defendants moved to dismiss Plaintiff's claims against them under Fed. R. Civ. P. 12(b)(6) or alternatively on the basis of

---

1. Plaintiff's Corrected Complaint named "Betsy Xanell" as a defendant. (ECF No. 3, PageID.245). Counsel for Ryder, Shaver, Russell, and Crites later filed an appearance for "Betsy Fanelli." (ECF No. 4, PageID.467). Ryder, Shaver, Russell, and Crites later filed a motion to dismiss that named "Elizabeth Fanelli" as a co-movant. (ECF No. 26, PageID.588). The parties have since stipulated that "[a]ll references by the parties to 'Betsy Xanell,' 'Betsy Fanelli,' and 'Elizabeth Fanelli' refer to the same person, the quartermaster at Parnell Correctional Facility (SMT) during the period alleged in Plaintiff's amended complaint." (ECF No. 38, PageID.779).

qualified immunity. (ECF No. 26). The Court referred both motions to Magistrate Judge Patricia T. Morris for a report and recommendation.

Magistrate Judge Morris subsequently issued a report and recommendation that addressed both motions to dismiss. (ECF No. 36). Magistrate Judge Morris recommended that the Court grant both Nurse Frye and Dr. Herro's and the MDOC Defendants' motions to dismiss. Magistrate Judge Morris further recommended that the Court dismiss Frye, Herro, and the MDOC Defendants from this case without prejudice. Magistrate Judge Morris did not detail why she recommended that the Court dismiss Plaintiff's claims without prejudice.

Magistrate Judge Morris ruled that Plaintiff had failed to state claims upon which relief could be granted with respect to Counts I and II. Concerning Plaintiff's First Amendment retaliation claims in Count II, Magistrate Judge Morris concluded that Plaintiff had failed to state claims upon which relief could be granted after applying the framework announced by the Sixth Circuit in *Thaddeus-X v. Blatter*:

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

175 F.3d 378, 394 (6th Cir. 1999) (per curiam).

Magistrate Judge Morris ruled that Plaintiff had pled facts showing that his filing of grievances was protected conduct under the first prong of the *Blatter* framework. However, Magistrate Judge Morris did not address whether Plaintiff's had adequately pled that his filing of kites was protected conduct. But Magistrate Judge Morris concluded that Plaintiff had failed to allege facts showing that the MDOC Defendants had taken an adverse action against him under

3

the second prong of the *Blatter* framework, and therefore that Plaintiff failed to state First Amendment retaliation claims.

The MDOC Defendants timely objected to the Report and Recommendation. (ECF No. 37). No other party objected to the Report and Recommendation. And Plaintiff did not file any response to the MDOC Defendants' objections.

For the reasons that follow, the Court adopts the Report and Recommendation in part, grants Nurse Frye and Dr. Herro's and the MDOC Defendants' motions to dismiss, and dismisses the claims Plaintiff raised against those defendants with prejudice.

## STANDARD OF REVIEW

Following this Court's receipt of a report and recommendation from a magistrate judge, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). And this Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

The Court adopts in the Report and Recommendation in part. The Court adopts Magistrate Judge Morris's ruling that Plaintiff failed to state Eighth Amendment medical-care claims against Nurse Frye, Dr. Herro, and Quartermaster Fanelli in Count I.

With respect to Plaintiff's First Amendment retaliation claims in Count II, the Court adopts Magistrate Judge Morris's ruling that Plaintiff failed to carry his *prima facie* burden on the second prong of the *Blatter* framework, and therefore that Plaintiff failed to state First Amendment retaliation claims.

4

The Court declines to address whether Magistrate Judge Morris correctly concluded that Plaintiff's filing of grievances satisfied the first prong of the *Blatter* framework. The Court also declines to resolve whether Magistrate Judge Morris erred in failing to rule that Plaintiff's filing of kites did *not* satisfy the first prong of the *Blatter* framework.

The Court adopts Magistrate Judge Morris's recommendation that the Court grant Nurse Frye and Dr. Herro's and the MDOC Defendants' motions to dismiss. Because Magistrate Judge Morris ruled that Counts I and II failed to state claims upon which relief could granted against those defendants, the Court dismisses the claims Plaintiff raised against those defendants under Fed. R. Civ. P. 12(b)(6).

A dismissal for failure to comply with Rule 12(b)(6) is with prejudice unless a court provides otherwise. Fed. R. Civ. P. 41(b). Because Magistrate Judge Morris did not detail why she recommended that the Court depart from this default rule, the Court declines to do so.

## CONCLUSION & ORDER

The Court adopts Magistrate Judge Morris's ruling that Plaintiff failed to state Eighth Amendment retaliation claims against Nurse Frye, Dr. Herro, and Quartermaster Fanelli. The Court also adopts Magistrate Judge Morris's ruling that Plaintiff failed to state First Amendment retaliation claims against the MDOC Defendants because he failed to satisfy the second prong of the *Blatter* test. The Court expresses no opinion with respect to whether Plaintiff satisfied the first prong of the *Blatter* test.

The Court grants Nurse Frye and Dr. Herro's and the MDOC Defendants' motions to dismiss. The Court dismisses the claims challenged in those motions with prejudice under Fed. R. Civ. P. 12(b)(6).

Accordingly, **IT IS ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation (ECF No. 36) is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants Frederick Herro, M.D., and Laurie Frye, N.P. Motion for Partial Dismissal (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that MDOC Defendants' Motion to Dismiss (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims asserted against Laurie Frye, Fredericks Herro, and Elizabeth Fanelli in Count I of Plaintiff's Corrected Complaint (ECF No. 3) are **DISMISSED** under Rule 12(b)(6) **WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims asserted against Richard Russell, David Shaver, Timothy Ryder, Elizabeth Fanelli, and Cody Cries in Count II of Plaintiff's Corrected Complaint (ECF No. 3) are **DISMISSED** under Rule 12(b)(6) **WITH PREJUDICE**.

**IT IS SO ORDERED.**

<u>s/Sean F. Cox</u>  
Sean F. Cox  
United States District Judge

Dated:  February 9, 2024