UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW BOWSER, | Case No. 2:23-cv-10568 |
| *Plaintiff,* | Sean F. Cox<br>United States District Judge |
| v. | |
| PETER WATSON, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

**ORDER
ADMINISTRATIVELY STAYING CASE
AS TO DEFENDANT WELLPATH LLC
AND
DECLINING TO STAY CASE AS TO ANY OTHER DEFENDANT**

**I.      INTRODUCTION**

This is a prison civil rights case under 42 U.S.C. § 1983. Defendants include Wellpath LLC and Grand Prairie Healthcare Services. The State of Michigan contracted with these entities[1] to provide healthcare services to incarcerated individuals. At all relevant times, Defendant Peter Watson was employed by either one or both of the entities. (*See* ECF No. 1, PageID.3). In this and many other prisoner civil rights cases throughout the district, Defendants recently filed

---

[1] https://wellpathcare.com/2021/10/01/grand-prairie-healthcare-services-in-coordination-with-wellpath-to-partner-as-the-new-healthcare-provider-for-the-michigan-department-of-corrections/ (last visited Nov. 19, 2024).

1

documents titled "Suggestion of Bankruptcy and Notice of Stay." (*See* ECF No. 47).

The purpose of these filings is to inform the Court that Wellpath has filed a voluntary bankruptcy petition under Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas. (ECF No. 47-1). As such, under 11 U.S.C. § 362, all proceedings against the debtor, *i.e.*, Wellpath, are automatically stayed. It is thus **ORDERED** that this matter be administratively stayed as to Wellpath. The same is not true for the other two defendants.

## II.   BACKGROUND

Defendants have provided the Court with an order from the bankruptcy court titled "Amended Interim Order Enforcing the Automatic Stay." (ECF No. 47-2). In other cases, the Court has been provided with what appears to be the bankruptcy court's original order. (*See, e.g.*, No. 2:23-cv-11665, ECF No. 60-1).

In relevant part, the original order states that it is "extending the (i) automatic stay under section 362 of the Bankruptcy Code." (*Id.* at PageID.991). The amended order states: "The Lawsuits are stayed in their entirety, including the plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code." (ECF No. 47-2, PageID.860). For the reasons explained below, the Court finds that neither order requires a stay of proceedings

against Grand Prairie nor Watson.

## III. DISCUSSION

As a preliminary matter, this Court notes that it has "jurisdiction concurrent with the originating bankruptcy court to determine the applicability of the bankruptcy court's automatic stay." *Baechel v. Republic Storage Sys., LLC*, No. 5:16-CV-1403, 2018 WL 1243424, at *2 (N.D. Ohio Mar. 9, 2018). Over thirty years ago, the Sixth Circuit squarely addressed the issue of whether a bankruptcy court can stay proceedings against non-debtor defendants under 11 U.S.C. § 362. *Patton v. Beardon*, 8 F.3d 343 (6th Cir. 1993). The Sixth Circuit acknowledged that "[c]learly, section 362(a)(1) stays any actions against the *debtor*." *Id.* at 349 (emphasis in original).[2] In other words,

> [a]t the commencement of a case, a stay arises by operation of law pursuant to 11 U.S.C. § 362(a). Its effect is to impose a wide-ranging prohibition on all activity outside the bankruptcy forum to collect prepetition debts from the debtor or to assert or enforce claims against the debtor's prepetition property or estate property. But, by its express terms, the only entity to which the § 362 stay applies is the debtor. As such, it may not be extended to third parties such as the [d]ebtor's co-guarantors.

---

[2] A decade earlier, the Sixth Circuit noted that "[i]t is universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor." *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196–97 (6th Cir. 1983) (collecting cases). The Fifth Circuit (where the bankruptcy court sits) has long stated similarly, explaining that "[b]y its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (internal footnote omitted).

*In re Nat'l Staffing Servs., LLC*, 338 B.R. 35, 36–37 (Bankr. N.D. Ohio 2005).

In *Patton*, the Sixth Circuit also acknowledged that "[s]ome courts have held that the debtor's stay may be extended to non-bankrupt parties in unusual circumstances." 8 F.3d at 349 (cleaned up). Examples of unusual circumstances "include when the debtor and the non-bankrupt party are closely related or the stay contributes to the debtor's reorganization." *Id.* Importantly, the Sixth Circuit cautioned that "such extensions, although referred to as extensions of the automatic stay, were in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Id.* The Sixth Circuit explained that "[e]ven if [it was] to adopt the unusual circumstances test, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." *Id.*; *see also In re Nat'l Staffing Servs.*, 338 B.R. at 37 ("The authority to take this action, however, is found not in § 362; rather, it is derived from the bankruptcy court's equity jurisdiction as contained in 11 U.S.C. § 105(a).").

Critically, neither of the orders from Wellpath's bankruptcy proceedings mention 11 U.S.C. § 105(a) nor the phrase "preliminary injunction." Further, neither order sets forth the preliminary-injunction factors nor contains any analysis on the subject. Both the Fifth Circuit and the Sixth Circuit require a court to consider the following four factors when faced with a request for a preliminary injunction: (1)

4

likelihood of success on the merits, (2) danger of irreparable injury, (3) whether the potential irreparable injury outweighs the harm to the non-debtors, and (4) the public interest. *See, e.g.*, *In re Sahene Constr., LLC*, No. 23-10096, 2023 WL 3010073, at *3 (Bankr. M.D. La. Apr. 19, 2023) (analyzing the four factors following a request to stay civil litigation as to non-debtor defendants); *In re Nat. Century Fin. Enters., Inc.*, 423 F.3d 567, 579 (6th Cir. 2005) (explaining that "only when the bankruptcy court enjoins an action under § 105(a) must it consider the four preliminary injunction factors, and apply a standard of clear and convincing evidence").

Under circumstances similar to those currently before the Court, another district court declined to stay a case at the request of the non-debtor defendants, explaining: "It does not appear from the record in this case that such an order has been obtained from the bankruptcy court before which [the d]ebtor [d]efendant's bankruptcy is pending. The party seeking the section 105 stay bears the burden of requesting it and the persuasion on the merits." *Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast Golf Course Ass'n*, No. 108CV1430HSOJMR, 2010 WL 972248, at *2 (S.D. Miss. Mar. 12, 2010) (cleaned up). The same is true here. No order issuing a preliminary injunction has been provided to this Court and neither this Court nor the bankruptcy court has the authority to otherwise "extend" the automatic stay to non-debtor defendants.

## IV.    CONCLUSION

For the reasons stated above, this case will proceed uninterrupted as to the claims against Grand Prairie and Watson. The case is hereby **ADMINISTRATIVELY STAYED** as to Wellpath only.

**IT IS SO ORDERED.**

Date: November 20, 2024                                      S/PATRICIA T. MORRIS
                                                             Patricia T. Morris
                                                             United States Magistrate Judge